IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JUDITH QUINONEZ | § | |
| | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-cv-291 |
| | § | |
| ISAIAS PEREZ and | § | |
| TOURNESOL SITEWORKS, LLC | § | |
| | § | |
| | § | |
| DEFENDANTS | § | |

## NOTICE OF REMOVAL

Defendant Tournesol Siteworks, LLC ("Tournesol" or "Defendant") notices the removal of this suit from the 384th Judicial District Court of El Paso County, Texas (the "State Court Case") to the Western District of Texas, El Paso Division. Removal to this Court is proper because (i) there is complete diversity between the parties; and (ii) Isaias Perez ("Perez") was improperly joined in an attempt to defeat diversity.

### I.   FACTS

1.  This is an employment discrimination and retaliation case filed by Plaintiff Judith Quinonez ("Quinonez" or "Plaintiff") against her former employer, Tournesol Siteworks, LLC.

2.  Plaintiff filed the State Court Case on June 6, 2023, asserting claims under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Sec. 21.001 et seq.

3.  Plaintiff also asserted claims against Tournesol's Production Manager, Isaias Perez, for common-law assault and for certain violations of TCHRA.

4.  Plaintiff served Defendant Tournesol on July 7, 2023.

5. The United States District Courts have jurisdiction over this cause because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §1332.

6. Complete diversity exists between Plaintiff and Defendant Tournesol.

7. Plaintiff is a Texas resident. Plaintiff's Original Petition ("Petition"), ¶ 2.

8. Defendant Tournesol is a California limited liability corporation with its principal place of business in Union City, California.

9. Isaias Perez is a Texas resident and has been improperly joined to defeat diversity. *See* Petition, ¶ 3. Perez is not an employer and is not liable for any of the claims asserted in Plaintiff's Original Petition.

10. This case also satisfies the $75,000 minimum amount in controversy requirement for jurisdiction because Plaintiff seeks damages exceeding $1,000,000. *See* Petition, ¶ 58. The sum demanded in a plaintiff's petition establishes the amount in controversy. 28 U.S.C. § 1446(c)(2).

11. Consequently, because there is complete diversity and the amount in controversy exceeds $75,000, this cause must be removed to the Western District of Texas, El Paso Division. Additionally, or alternatively, as discussed below, Perez was improperly joined in an attempt to defeat diversity, and his citizenship should be disregarded.

## II.   PROCEDURAL REQUIREMENTS FOR REMOVAL

12. Plaintiff's Original Petition was filed on June 6, 2023. Defendant Tournesol was served with the Petition on July 7, 2023. This Notice of Removal is timely filed, under 28 U.S.C. §1446(b), within thirty days of receipt of the initial pleading setting forth a claim for relief. *Murphy Bros., Inc. v. Michette Pipe Stringing, Inc.*, 119 S.Ct. 1322, 1328-29 (1999).

13. The state court has not signed any orders in this case.

14. Pursuant to 28 U.S.C. §1446(a), Defendant has attached the following documents:

   (1) all pleadings asserting causes of action, along with all other documents included in the state court file, attached as Exhibit "1";

   (2) a list of all counsel of record, including addresses, telephone numbers, and parties represented, attached as Exhibit "2", and

   (3) docket sheet, attached as Exhibit "3".

15. No executed processes have been filed with the El Paso County District Court and no docket control order has been issued as of the date of this filing.

16. Under 28 U.S.C. §1442(a), venue of the removed action is proper in this Court as this is the district where the state action is pending.

17. Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d). Defendant will also promptly file a copy of this Notice of Removal with the Clerk of the 384th District Court of El Paso County, Texas where the action is currently pending, also pursuant to §1446(d).

### III. PEREZ IS IMPROPERLY JOINED TO DEFEAT DIVERSITY

18. There is complete diversity between the parties because the properly named defendant is Tournesol, Plaintiff's former employer, a foreign entity. To the extent Plaintiff suggests that diversity is defeated by the addition of Perez, this Court should ignore Perez's citizenship because he is improperly added as a defendant only in an attempt to defeat diversity. The doctrine of improper joinder is an exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The

doctrine allows federal courts to defend against attempts to manipulate jurisdiction, such as by joining non-diverse parties solely to deprive federal courts of jurisdiction. *Id*. at 576.

19. The test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant and whether there is no reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant. *Id.* at 573. To assess "whether a plaintiff has a reasonable basis of recovery under state law[,]" the court may conduct a Federal Rule of Civil Procedure 12(b)(6) analysis. *Id.*

20. The sufficiency of a plaintiff's state-court petition for purposes of a removal and improper joinder analysis should be measured under federal court pleading standards. *Lopez v. United Property & Casualty Ins. Co.*, 197 F. Supp. 3d 944, 949 (S.D. Tex. 2016). Accordingly, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. Factual allegations must be enough to raise a right to relief above the speculative level. *Id*.

21. Plaintiff has brought claims against Perez for (1) common-law assault; (2) gender discrimination under section 21.051; and (3) sexual harassment under section 21.142. *See* Petition, ¶¶ 23, 38-44, 45-51. Plaintiff cannot recover against Perez for any of these claims. Specifically, Plaintiff has no reasonable basis of recovery against Perez because: (1) she has failed to plead a factual basis for the elements of common-law assault; (2) her common-law assault claim is preempted by TCHRA; (3) she has failed to plead a factual basis for the elements of gender discrimination against Perez; and (4) there is no basis for Perez's liability under section 21.142.

a. *Plaintiff did not plead a claim for assault.*

22. To prove her common-law assault claim against Perez, Plaintiff must show he: (1) intentionally, knowingly, or recklessly caused her bodily injury; (2) intentionally or knowingly threatened her with imminent bodily injury; or (3) intentionally or knowingly caused her to have

4

physical contact with another when he knew or should have reasonably believed she would regard the contact as offensive or provocative. *Caver v. Clayton*, 618 S.W. 3d 895, 902 (Tex. App. – Houston [14th] 2021).

23. Plaintiff alleges Perez sexually harassed her and discriminated against her by making jokes, comments, and watching her to go the restroom. *See* Petition, ¶¶ 9-11. These allegations do not set forth *any factual basis* for an assault claim – she does not allege Perez touched her, threatened her, caused her to have physical contact with someone else, or otherwise caused her bodily injury. In an attempt to overcome the deficiencies in her pleadings, Plaintiff merely recites the elements of assault despite having failed to allege any facts in support of those elements. *See* Petition, ¶ 23. On this basis alone, it is evident that Plaintiff has no reasonable basis of recovery against Perez for assault. In addition, or in the alternative to, Plaintiff's assault claim must also fail because it is preempted by TCHRA.

      b.    *Plaintiff's assault claim is preempted by TCHRA.*

24. Texas courts have repeatedly held that common-law claims, such as assault, are preempted by TCHRA when they are based on the same conduct that would give rise to a workplace sexual harassment claim under TCHRA. *Waffle House, Inc. v. Williams*, 313 S.W. 3d 796, 814 (Tex. 2010); *see also Jones v. Halliburton,* 791 F. Supp. 2d 567, 592 (S.D. Tex. 2011) (tort and negligence based claims preempted when facts are inextricably intertwined with employee's underlying employment discrimination claim). There is an exception, however, when a plaintiff can show that the "gravamen" of her claim is assault, not workplace harassment. *B.C. v. Steak N Shake.* 512 S.W. 3d 276, 283 (Tex. 2017) (supervisor, on one occasion, without prior incident, touched, groped, and exposed himself to employee before she escaped).

25.     In this case, Plaintiff's assault claim against Perez, according to her petition, arises out of alleged workplace harassment and her assault allegations, if any, are inextricably intertwined with her employment-based sexual harassment claim under TCHRA.  Plaintiff claims: (1) she was subjected to sexual harassment and a hostile work environment on the basis of her sex; and (2) that Perez made discriminatory and sexually harassing jokes and comments about females and watched her go to the restroom.  *See* Petition, ¶ 9.  This alleged conduct is the type of conduct prohibited under section 21.141(2)(D) of TCHRA which prohibits sexual harassment defined as an intimidating, hostile, or offensive working environment.

26.     No doubt aware of the ruling in *Waffle House*, Plaintiff tries to avoid preemption by making a conclusory statement that her alleged assault is "separate and distinct from and in addition to the sexual harassment Plaintiff suffered at work."  *See* Petition, ¶ 23.  However, she contradicts that statement by basing her assault claim and her sexual harassment claim on the *same factual allegations* which describe only alleged harassment she suffered at work.

27.     Plaintiff tries to suggest the exception from *Steak N Shake* applies because she cites to that case in her Petition.  *See* Petition, ¶ 23.  However, there is nothing in her factual allegations that suggest the "gravamen" of her claim is assault rather than workplace harassment.  In stark contrast to the facts of *Steak N Shake*, Plaintiff describes a pattern of sexual harassment that occurred over a period of time which she contends she reported to her employer, prompting an investigation that ultimately resulted in Perez being counseled.  *See* Petition, ¶¶ 9, 12.  Thus, her reliance on the *Steak N Shake* case is misplaced and without merit.

28.     Plaintiff's assault claim is preempted by TCHRA and therefore she has no reasonable basis for recovery against Perez for assault.

    c.     *Plaintiff failed to plead gender discrimination against Perez.*

29. Section 21.051 of the Texas Labor Code prohibits gender discrimination. To prove gender discrimination, Plaintiff must establish her *employer* subjected her to an adverse employment action and treated females less favorably than males. *Univ. of Tex., M.D. Anderson Cancer Center v. Eltonsy*, 451 S.W. 3d 478, 483-84 (Tex. App. – Houston [14th] 2014). An "employer" under this section is defined as a person or entity with 15 or more employees. Tex. Lab. Code § 21.002(8)(A).

30. Although Plaintiff purports to bring a gender discrimination claim against both Perez and Tournesol, her allegations (that Tournesol terminated her, replaced her with a man, treated her differently based on her sex) fail to support a plausible claim of gender discrimination against Perez. *See* Petition, ¶¶ 38-44. There is no basis for liability against Perez under this section because he does not meet the definition of an "employer." Moreover, Plaintiff's petition fails to allege Perez subjected her to an adverse employment action on the basis of her sex (female) but instead directs her allegations at Tournesol, her employer. Her gender discrimination claim, like the rest of the claims in her Petition, clearly arises out of her employment relationship with Tournesol, not Perez. She therefore has no reasonable basis to recover against Perez for gender discrimination.

  d. *Perez is not an "Employer" under Section 21.142.*

31. On May 30, 2021, the Texas Legislature expanded the definition of an "employer" for workplace sexual harassment claims under section 21.142 of TCHRA. For conduct that occurred after the effective date, September 1, 2021, the term "employer" also includes an individual who "acts directly in the interests of an employer in relation to an employee." Tex. Lab. Code § 21.141(1)(B).

7

32. Given the recent enactment of this provision, courts must interpret this language by looking to statutes with similar definitions of the term "employer." *In re United Services Auto Ass'n*, 307 S.W. 3d 299, 308 (Tex. 2010) ("[o]ne of the primary goals of [TCHRA] is to coordinate state law with federal law in the area of employment discrimination…thus analogous federal statutes and the cases interpreting them guide our reading of the TCHRA.").

33. The definition of an employer for workplace sexual harassment claims under section 21.142 is analogous to that of an employer under the Family Medical Leave Act ("FMLA") and the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 2611(4)(A)(ii)(I) (FMLA) ("any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer…"); 29 U.S.C. § 203(d) (FLSA) ("any person acting directly or indirectly in the interest of an employer in relation to an employee…"). While the definitions are nearly identical, the definition of an employer under section 21.142 is in fact narrower than its equivalents under the FMLA and FLSA because it only includes those who act "directly" in the interests of an employer in relation to the employee.

34. Under the FMLA or FLSA, an individual with supervisor responsibility is not automatically an employer. *Harville v. Texas A&M University*, 833 F. Supp. 2d 645, 654 (S.D. Tex. 2011). Instead, to determine whether an individual is an employer under the FMLA or FLSA, courts consider whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Gray v. Powers*, 673 F. 3d 352, 355 (5th Cir. 2012).

35. In this case, Perez does not meet the definition of an employer under the FMLA or FLSA (a definition that is *broader* than the analogous definition under section 21.142). As

production manager, Isaias Perez is focused on production output, not personnel decisions. *See* Declaration of Corina Ornelas Sansoni, ¶ 7. He is responsible for production output, product quality and on time shipping; assisting with plant operations for production, maintenance, quality and shipping and receiving; and working with the production scheduler and purchaser to ensure adequate materials are available and projects are on time. *See* Declaration of Corina Ornelas Sansoni, ¶ 7. As a lead member of the production group, Perez does have the ability to train, coach, and schedule PTO for production employees and, when consulted, relays information to the Plant Manager pertinent to the performance and conduct of the production team. *See* Declaration of Corina Ornelas Sansoni, ¶ 7. However, he does not have the ability to hire or fire employees; to control their work schedules or their conditions of employment; or to determine their rate and method of payment nor does he maintain employment records. *See* Declaration of Corina Ornelas Sansoni, ¶ 7. All personnel decisions, including the decision to discipline or terminate employees, lie with the Plant manager. *See* Declaration of Corina Ornelas Sansoni, ¶ 7.

36.     Accordingly, Perez does not constitute an individual who "acts ***directly*** in the interests of an employer in relation to an employee" and there is thus no reasonable basis for recovery against him under section 21.142.

## IV.     CONCLUSION

37.     For all the reasons set forth herein, Plaintiff has failed to bring a claim against Perez for which she could recover. Therefore, this Court should disregard Perez's citizenship because he is improperly joined solely defeat diversity.

## PRAYER

Based on the foregoing, Defendants pray that this case be removed to the United States District Court for the Western District of Texas, El Paso Division, and for all other relief to which they may be entitled.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI**

By: */s/ Laura E. De Santos*
Laura E. De Santos
SBN: 00793612
ldesantos@grsm.com
Hayley D. Friedman
SBN: 24123253
hfriedman@grsm.com
1900 West Loop South, Suite 1000
Houston, TX 77027
(713) 961-3366 (Telephone)
(713) 961-3938 (Facsimile)

**ATTORNEYS FOR DEFENDANTS TOURNESOL SITEWORKS, LLC and ISAIAS PEREZ**

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2023, I electronically filed the foregoing with the Clerk of the Court of the above-captioned court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Laura E. De Santos*
Laura E. De Santos